# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff,<br><br>v.<br><br>HUNG VAN HUYNH (1),<br><br>                                 Defendant. | Case No.: 09cr1442-MMA-1<br>*Related Case No.: 16cv1769-MMA*<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 82] |

On December 1, 2011, pursuant to a written plea agreement, Defendant Hung Van Hyunh pleaded guilty to count four of a Superseding Indictment for distributing 220.8 grams of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, section 841(a)(1), and Title 18, section 2. *See* Doc. No. 53. The Court sentenced Defendant on June 4, 2012 to a term of 180 months imprisonment. *See* Doc. No. 64. Defendant filed a successive motion[1] pursuant to 28 U.S.C. § 2255, challenging his classification as a career offender under the United States Sentencing Guidelines in

---

[1] The United States Court of Appeals for the Ninth Circuit granted Defendant's application for authorization to file a successive 2255 motion. *See* Doc. No. 86-1.

1

light of *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015). *See* Doc. No. 82. The government filed a response in opposition to Defendant's motion. *See* Doc. No. 87.

In *Johnson*, the Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague and a violation of the Due Process Clause. 135 S. Ct. at 2557. Defendant was not sentenced under the ACCA's residual clause; he was sentenced based on the career offender enhancement provision of the Sentencing Guidelines. Nonetheless, Defendant argues that *Johnson*'s holding is applicable, because the ACCA's residual clause is identical in language to Section 4B1.2's residual clause. However, on March 6, 2017, the Supreme Court ruled that *Johnson*'s holding does not extend to the Sentencing Guidelines, in so far as "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."[2] *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017). Under *Beckles*, "it plainly appears from the face of the motion" that Defendant "is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. As such, Defendant's 2255 motion must be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A defendant must obtain a certificate of appealability before pursuing any appeal from a final order in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). When the denial of a Section 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing

---

[2] Subsequent to the issuance of *Beckles*, Defendant requested thirty (30) days in which to review the Supreme Court's decision and submit a reply brief. *See* Doc. No. 88. Defendant also asked the Court to defer ruling on his 2255 motion in the interim. *Id.* More than thirty days has passed, and to date, Defendant has not filed any additional briefing.

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The defendant must show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009).  Because Defendant has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the denial of Defendant's motion, the Court declines to issue a certificate of appealability.

## Conclusion

Based on the foregoing, the Court **DENIES** Defendant's 2255 motion.  The Court **DECLINES** to issue a certificate of appealability.  The Clerk of Court is instructed to enter judgment in accordance herewith and close the related civil case.

**IT IS SO ORDERED**.

DATE: April 17, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge